**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                    No. 00-4079

TRAVIS EUGENE LANE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                    No. 00-4196

RONALD MCCORMICK,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-98-454)

Submitted: September 20, 2000

Decided: October 13, 2000

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Flynn M. Owens, LAW OFFICES OF JACK B. RUBIN, P.A., Baltimore, Maryland; Alan R. L. Bussard, Towson, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Travis Eugene Lane and Ronald McCormick pled guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (1994). Lane received a 235-month sentence and McCormick a sentence of 169.5 months. On appeal, Lane and McCormick argue that the district court erred in denying their motions to withdraw their guilty pleas.

A defendant has no absolute right to withdraw a plea of guilty. See United States v. Ewing, 957 F.2d 115, 118 (4th Cir. 1992). This Court reviews the district court's refusal to allow a defendant to withdraw a guilty plea under Fed. R. Crim. P. 32 for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). Rule 32 of the Federal Rules of Criminal Procedure permits withdrawal of a guilty plea if the "defendant shows any fair and just reason." Fed. R. Crim. P. 32(e).

A trial court, when considering whether to allow a defendant to withdraw a guilty plea, must apply the six-factor analysis announced by this Court in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Under Moore, a district court considers: (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal

2

innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. See id. Although all the factors in Moore must be given appropriate weight, the key to determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. See United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In this case, both Appellants sought to withdraw their guilty pleas because approximately thirty days after entering their guilty pleas, they learned that co-defendants who had been cooperating with the Government refused to testify in accordance with their plea agreements against other co-defendants. They both argued that had they known at the time of their guilty pleas that these witnesses were not going to testify, they would not have pled guilty.

We have reviewed the transcripts of the Rule 11 hearing conducted with both Lane and McCormick and find that their pleas were entered knowingly and voluntarily. We have also reviewed the transcripts of the sentencing hearing with respect to each Appellant, and in light of the district court's analysis, find that the court did not abuse its discretion in denying Appellants' motions.

Accordingly, we affirm Lane's and McCormick's convictions and sentences.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED
_____

*The court has considered and rejected the possibility of reversible error in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).

3